Freeman, J.,
delivered the opinion of the Court.
The South Western Iron Co., sold real and personal property to the Roane Iron ,Co., for $225,000, of which $200,000 was for real estate, and improvements situated on it, in the City of Chattanooga.
The question submitted for decision in this agreed case is, whether the vendor or vendee is liable for the tax assessed on sales of realty, by the laws of the State, for revenue purposes?
By the act of May 26,. 1866, c. 60, s. 47, Shank., 198, it is enacted, “That the first section of an act *827 to amend the Revenue Laws of the State, passed May 24th, 1865, be, and is hereby so amended, that the tax on sales of land, town lots and parts of town lots, shall be one mill on the dollar, instead of one cent per acre on land, and five dollars on each lot or part of lot.” Sec. 1 of 1865, c. —, p. 22 of Ramph. Acts, provides “ that there shall be levied and collected on sales of land, one cent per acre; on sales of town lots, or parts of town lots, five dollars.” By act of 1835, e. 13, s. 4, C. & N., 604, it was provided, “ that each and every person having any grant or deed for land registered, shall pay a tax thereof of ten cents for each hundred acres of land embraced therein, on registration of the same; and* for town lots, or parts of town lots, twenty cents on each conveyed in the deed, on registration thereof.”
By ss. 671, 672 of the Code, it is provided, “The Clerk of the County Court shall collect the state tax on sales or alienation of all lands, the conveyance of which is proved or acknowledged before him, and he shall not deliver a deed to any party who presents it for probate or acknowledgment, after he has certified it, until the State tax has been paid to him.” And s. 673 provides, “if any person obtain several deeds, or other conveyances for one and the same tract or parcel of land, he shall only pay one state tax on such. sale.”
.By the Code, 553, sub-sec. 3, fixing the rate of taxation, it is provided, “the tax on sales of land is one mill and a half an acre, and on sale of slaves. *828 five dollars on each slave; and on sales of merchandise by merchants, one half cent on a dollar,” etc.
It seems a strange oversight in the Legislature that they should in no case have specified who should pay this tax. It is exceedingly difficult from these various enactments, to say who shall pay the tax. The sections 671-3 of the Code, would seem clearly to indicate that the vendee should pay it — as the last section quoted provides, “that where a party obtains several deeds or other conveyances for one and the same tract or parcel of land, he shall only pay one state tax on such sale”
Taking these acts together as one statute, we can but conclude, that the fair inference from them is, that the vendee is to pay this tax. The section of the Code 673, that if a person obtains more than one deed or other conveyance for one tract or parcel of land, he shall only pay one tax on sueh sale, admits of no other construction, as only the vendee obtains the deed for land on sale or purchase. It can not be held, that the Legislature intended, that the vendor, who gives the deed should pay the tax, when only one deed of conveyance is made, but if several be made in order to complete the conveyance of the whole tract sold, that the vendee should pay it, and that only one tax.
There can arise no particular difficulty in this case, as the .parties may always make the payment of this tax a part of their contract, and thus regulate the payment as may be agreed on.
*829 With this view of the case, the Chancellor’s decree must be reversed, and defendants pay the costs of this and the court below.